## A99A1000. FIALLO v. THE STATE.
### (523 SE2d 355)

ANDREWS, Presiding Judge.

Juan Antonio Fiallo appeals from his conviction of possession of cocaine with intent to distribute, after a bench trial following denial of his motion to suppress the cocaine and his incriminating statement.

At issue is the supporting affidavit for the search warrant issued for Fiallo's home. The affiant, Agent Ortiz with the Lowndes County Narcotics Division, swore that, within the past 72 hours, he had received information from a confidential informant

> that it observed cocaine at the above location within the past 72 hours. The confidential informant knows what cocaine looks like because it had used cocaine in the past. Confidential Informant made a purchase of cocaine at [the residence] within the past 72 hours for Affiant. The confidential informant saw more cocaine at the location during the buy. . . . Upon Independent Investigation[,] Affiant confirmed that the location does exist as described by the confidential informant.

At the hearing on the motion to suppress, Agent Ortiz stated that this was the first time this confidential informant had been used by the police and that, for this reason, he did not consider the informant reliable. He had done a background check and found that the confidential informant's only conviction was a DUI. No additional information regarding either the informant or verification of the informant's information was provided to the judge who issued the search warrant.

> Under the standard set forth by the United States Supreme Court in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), probable cause may be predicated on an informant's tip only if, under the totality of the circumstances, including the veracity and basis of knowledge of the

informant, there is a fair probability that contraband or evidence of a crime will be found in a particular place. While establishment of the informant's veracity and basis of knowledge is no longer an absolute requirement since *Gates, veracity and basis of knowledge are still major considerations in the probable cause analysis; and this court continues to hold that an affidavit submitted in support of a search warrant must set forth sufficient facts from which the magistrate or judge can independently determine the reliability of both the information and the informant*. (Citations and punctuation omitted.) *Smith v. State*, 218 Ga. App. 12, 14 (460 SE2d 114) (1995). In determining the reliability of the information and the informant, when the information supplied by the informant is not corroborated, the magistrate must look to see whether the informant himself was reliable. *Galgano v. State*, 147 Ga. App. 284, 286 (248 SE2d 548) (1978); *Smith*, supra at 14.

(Emphasis supplied.) *Mitchell v. State*, 239 Ga. App. 735, 736 (1) (521 SE2d 873) (1999).

Here, the record is devoid of any such corroboration. The informant was untested, and there is no indication that the officer either heard or was able to view the purchase which the informant was alleged to have made. Compare *Usher v. State*, 236 Ga. App. 663 (1) (512 SE2d 380) (1999) and *Crawford v. State*, 233 Ga. App. 323, 327 (4) (504 SE2d 19) (1998).

Merely confirming that the accused lives where the informant said he did is not sufficient corroboration of the information regarding illegal activity. *Gary v. State*, 262 Ga. 573, 577 (422 SE2d 426) (1992); *State v. Wesson*, 237 Ga. App. 789, 791 (516 SE2d 826) (1999).

The factual situation in this case is even less compelling than that in *Davis v. State*, 214 Ga. App. 36 (447 SE2d 68) (1994), in which this Court found the affidavit insufficient. Therefore, the trial court erred in denying the motion to suppress the cocaine.

Having concluded that the search was without probable cause, we also agree with Fiallo that his subsequent statement should also have been suppressed as the "fruit" of the improper search. *Arnold v. State*, 237 Ga. App. 857, 859 (1) (517 SE2d 97) (1999); *Boatright v. State*, 225 Ga. App. 181, 183 (2) (483 SE2d 659) (1997).

*Judgment reversed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 6, 1999.

*Ronald L. Beckstrom*, for appellant.

*J. David Miller, District Attorney, James B. Threlkeld, Assistant District Attorney*, for appellee.