## A00A0656. BROWN v. THE STATE.
### (535 SE2d 785)

RUFFIN, Judge.

Following a bench trial, the trial court found Reuben Brown guilty of trafficking in cocaine, possession of marijuana, and possession of a firearm during the commission of a felony. On appeal, Brown contends that the trial court erred in denying his motion to suppress. Brown also challenges the sufficiency of the evidence. For reasons that follow, we affirm.

The record demonstrates that, on April 7, 1998, a confidential informant told DeKalb County Police Detective M. T. Lewis that drugs were being sold from an apartment in Sutton Village on Jolly Avenue. Based on this information, Lewis set up a controlled buy. After Lewis searched the informant to ensure that he had no contraband or money on him, Lewis gave him money and watched him walk into the apartment. Approximately ten minutes later, the informant returned to Lewis carrying a bag containing cocaine. Lewis then completed an affidavit and application for a search warrant. On April 7, the magistrate issued the warrant, which Lewis and members of the

---

DeKalb County Strike Force executed. Upon entering the apartment, the police found Brown and a 14-year-old female in a room with two couches, a television, and a stack of clothing.

In plain sight on top of the television, the police found marijuana. Under the couch next to Brown, the police found a handgun. Beneath the stack of clothing, the police discovered a duffel bag that contained a small safe. Upon opening the safe, the officers found a large amount of cocaine. Brown also was searched, and officers discovered a large amount of money, a plastic bag containing 27.1 grams of cocaine, and another plastic bag containing 17.3 grams of marijuana.

Brown was charged with trafficking in cocaine, possession of cocaine with intent to distribute, possession of marijuana, and possession of a firearm during the commission of a felony. At his preliminary hearing, Brown admitted that the drugs in his pocket belonged to him, but claimed that the cocaine in the safe and the gun were not his. Following a bench trial, Brown was found guilty of trafficking in cocaine, possession of marijuana, and possession of a firearm during the commission of a felony.[1]

1. In two enumerations of error, Brown contends that the trial court erred in failing to grant his motion to suppress. According to Brown, Lewis' affidavit was insufficient because it failed to inform the magistrate about the informant's criminal background and his pending criminal charges. Thus, Brown argues, the magistrate lacked the requisite information to determine whether probable cause existed. We disagree.

In determining if probable cause exists, a magistrate's job

> is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.[2]

In order to fully apprise the magistrate, an officer seeking a warrant should provide the magistrate with any information relevant to the informant's reliability, including information about his criminal history or any pending criminal charges.[3] But an officer's failure to provide such information does not automatically warrant suppression of

---

[1] The trial court issued an order of nolle prosequi on the possession with intent to distribute charge.

[2] (Punctuation omitted.) *DeYoung v. State*, 268 Ga. 780, 787 (7) (493 SE2d 157) (1997).

[3] *Robertson v. State*, 236 Ga. App. 68, 70 (510 SE2d 914) (1999).

evidence. If any omissions on the part of the officer are offset by independent corroboration of criminal activity, then the magistrate may still have sufficient information to find that probable cause exists.[4]

Here, Lewis' affidavit was based, in large part, on the controlled buy in which he sent the informant into the apartment with no contraband, and the informant returned with cocaine. Under the "common sense" approach to search warrants, this controlled buy strongly corroborated the reliability of the informant and showed a fair probability that contraband would be found in the apartment.[5] Accordingly, the magistrate had sufficient information to establish probable cause, and the trial court did not err in denying Brown's motion to suppress.[6]

2. Brown contends that the evidence was insufficient to authorize his convictions because others had access to the apartment.[7] June Ferguson, an employee of Sutton Village apartments, testified that Brown did not rent the apartment and that she had only seen him at the apartment a few days prior to the execution of the search warrant. Because both the tenant and the juvenile female had equal access to the apartment, Brown contends that he cannot be shown to have possessed either the gun, the marijuana, or the safe containing cocaine. Again, we disagree.

Under the equal access rule, "merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime."[8] "A finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity."[9]

Here, the trial court, as the factfinder, was authorized to conclude that Brown had constructive possession of the cocaine in the safe because there is evidence "other than [his] own equal access con-

[4] Id.

[5] See *Starks v. State*, 240 Ga. App. 346, 348 (1) (523 SE2d 397) (1999).

[6] Id.; see also *Pettus v. State*, 237 Ga. App. 143, 145 (2) (514 SE2d 901) (1999).

[7] Although Brown challenges the sufficiency of the evidence supporting his conviction for possession of marijuana, he admits that the drugs in his pocket belonged to him. Thus, by his own admission, Brown is guilty of possession of marijuana. See OCGA § 16-13-30 (a). With respect to the trafficking conviction, however, the State must prove that Brown was "knowingly in possession of 28 grams or more of cocaine." OCGA § 16-13-31 (a) (1) (A). Accordingly, the 27.1 grams of cocaine found in Brown's pocket cannot establish the offense of trafficking, and the State must show that Brown had constructive possession of the cocaine in the safe.

[8] (Punctuation omitted.) *Love v. State*, 227 Ga. App. 772, 773 (490 SE2d 527) (1997).

[9] (Punctuation omitted.) *Brannon v. State*, 220 Ga. App. 572, 573 (1) (469 SE2d 716) (1996).

necting (him) to [the] contraband."[10] In addition to the cocaine in the safe and the marijuana on top of the television, the police discovered cocaine, marijuana, and a large amount of cash in Brown's pocket, which supports a finding that Brown was involved in the drug trade.[11] Thus, there was more than mere "spatial proximity" linking Brown to the contraband. Likewise, the trial court was authorized to find that Brown had constructive possession of the gun under the couch.[12] Accordingly, this enumeration of error lacks merit.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 12, 2000.

*W. Michael Maloof, Maurice G. Kenner*, for appellant.

*J. Tom Morgan, District Attorney, Keith E. Adams, Robert M. Coker, Assistant District Attorneys*, for appellee.

---

[10] (Punctuation omitted.) *Smith v. State*, 235 Ga. App. 223, 226 (510 SE2d 295) (1998).
[11] See *Brannon*, supra.
[12] *Cantrell v. State*, 204 Ga. App. 330, 332 (419 SE2d 141) (1992).