## A01A2328. GARRETT v. THE STATE.
(560 SE2d 338)

POPE, Presiding Judge.

A Forsyth County jury convicted Donald Garrett of trafficking in methamphetamine. Garrett appeals, claiming the trial court erred in (1) denying his motion to suppress evidence gathered by police in their search of his home, (2) denying his motion for a mistrial after the State introduced evidence of his bad character, (3) allowing similar transaction evidence concerning his 1990 methamphetamine possession conviction, (4) denying his motion for a new trial due to the insufficiency of the evidence, and (5) giving certain jury charges. Garrett also claims he was tried under a defective indictment. For reasons which follow, we affirm.

Viewed favorably to the jury's verdict, the record shows that on January 22, 1998, police executed a search warrant on Garrett's home. The police found Garrett and two others in the garage. An officer found a bag of powdery substance in Garrett's pocket which the officer suspected to be methamphetamine or cocaine. He then placed Garrett under arrest. Shortly thereafter, police found a bulging sock on a dryer located in the garage which contained a bag holding 165.6 grams of methamphetamine. After the police discovered the drugs in the sock, Garrett exclaimed, "that's all I got." Garrett told the officers he kept his packaging material in a kitchen drawer. A detective looked in the drawer and found a set of digital scales, plastic baggies, and a notebook containing a list of names and numbers.

1. Garrett claims the trial court erred by denying his motion to suppress. He argues that the affidavit submitted by Officer Barrett to support the issuance of a search warrant was insufficient to provide probable cause for the search. In reviewing a trial court's ruling on a motion to suppress evidence seized during the execution of a search warrant:

> First, the trial judge sits as the trier of facts, and his findings are analogous to a jury verdict and should not be disturbed if there is any evidence to support the findings. Second, the trial court's decisions on the credibility of witnesses and questions of fact must be accepted unless clearly erroneous. Third, the appellate court must construe the evidence most favorably to the upholding of the trial court's findings and judgments.

(Footnote omitted.) *Roberson v. State*, 246 Ga. App. 534, 535-536 (1) (540 SE2d 688) (2000).

Evidence from the hearing on the motion to suppress shows that

Officer Barrett was contacted by a confidential informant who told Barrett that he was willing to purchase methamphetamine from Garrett at Garrett's home. Barrett considered the informant to be reliable because he had previously given Barrett information leading to eight drug-related arrests, including five for drug trafficking. Barrett decided to let the informant purchase methamphetamine from Garrett. After confirming that the informant had no money or drugs on his person, Barrett provided the informant with the "buy" money and drove him to Garrett's house, which the informant entered before returning with a quantity of methamphetamine. Barrett's affidavit supporting the issuance of the search warrant, which was submitted to the magistrate within 24 hours of the drug buy, also reflects these events.

Based on this testimony and Barrett's affidavit, we find the trial court did not err in finding that the magistrate had probable cause to issue a search warrant of Garrett's home. The affidavit contained information sufficient for the magistrate to make a common sense decision that, because drugs were purchased at Garrett's residence within the previous 24 hours, there was a fair probability that evidence of a crime would be found at that location. See *Kessler v. State*, 221 Ga. App. 368, 369 (471 SE2d 313) (1996). Garrett argues that the information contained in Barrett's affidavit is insufficient, noting that it fails to contain information showing how the purchase was made, the price paid for the drugs, how the informant knew of Garrett, whether the informant saw evidence of drug activity at the residence, or whether there were other people present at the drug purchase. But these things were not required for the magistrate to issue the warrant to search the residence.

Garrett also argues that *Fiallo v. State*, 240 Ga. App. 278 (523 SE2d 355) (1999), is controlling, and that Barrett's failure to corroborate the information provided by the informant renders any finding of probable cause erroneous. However, the affiant in *Fiallo* testified that he did not consider the informant reliable. Id. This is in contrast to the informant used here, who had proved to be reliable on numerous occasions. Furthermore, Barrett searched the informant before he entered Garrett's home and after he left, providing an independent basis, other than the word of the informant, that the informant had purchased methamphetamine inside the residence with the money provided by Barrett.

2. Garrett also maintains that the trial court erred in denying his motion for a mistrial after Officer Barrett testified that he came to Garrett's address after he "received some information from a reliable informant," and that he had previously "purchased something from the house through means of investigation and got a search warrant." Garrett claims that this testimony constituted impermissible

evidence of his bad character. See *Chandler v. State*, 204 Ga. App. 816, 818 (1) (421 SE2d 288) (1992). But there is no testimony of a previous bad act by Garrett, only of a purchase of "something" made at Garrett's house, and without identifying Garrett as the seller. This is insufficient to put his character into issue. See *Gates v. State*, 252 Ga. App. 20, 21 (1) (555 SE2d 494) (2001). Garrett's reliance on *Lowe v. State*, 208 Ga. App. 49, 52 (2) (430 SE2d 169) (1993), disapproved on other grounds, *Kelly v. State*, 212 Ga. App. 278, 282 (2) (442 SE2d 462) (1994), is misplaced. A basis of our reversal in *Lowe* was testimony referencing a completely unrelated crime committed by defendant, and there is no such testimony here.

3. Garrett next claims the trial court erred in admitting similar transaction evidence related to his 1990 conviction for possession of methamphetamine. Similar transaction evidence is admissible if

(1) it is presented for an appropriate purpose, (2) there is sufficient evidence to show the accused committed the independent offense, and (3) there is a sufficient similarity between the independent offense and the crime charged so that the proof of the former tends to prove the latter. A trial court's admission of similar transaction evidence will be upheld on appeal unless its ruling is clearly erroneous.

(Footnotes omitted.) *Urness v. State*, 251 Ga. App. 401, 402 (1) (554 SE2d 546) (2001). See *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991).

The State filed a "Notice of Similar Transaction" with respect to its intent to introduce evidence of Garrett's previous conviction for possession of methamphetamine. The trial court ruled that the similar transaction evidence was admissible, finding that the evidence was presented for the appropriate purpose of showing identity, motive, intent, and common scheme and mode of operation. See *Jones v. State*, 236 Ga. App. 330, 332 (1) (b) (511 SE2d 883) (1999). The court also found the State had proffered sufficient evidence as to identity, and that the previous crime was sufficiently similar to the crime charged. At trial, the State presented the testimony of Deputy Bailey, who recounted a 1990 search of Garrett's residence, in which police found several individually wrapped bags containing a white powder suspected to be methamphetamine. The State also entered a copy of Garrett's conviction for possession of methamphetamine arising from the incident into the record.

Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or

connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct.

(Punctuation and footnote omitted.) *Evans v. State*, 235 Ga. App. 577, 581 (3) (510 SE2d 313) (1998). The similar transaction evidence is similar inasmuch as the prior transaction involved the presence of methamphetamine at Garrett's home. The evidence is relevant to show that the methamphetamine, although discovered in the presence of two other individuals, belonged to Garrett. As the record shows the presence of all factors required to authorize the admission of the similar transaction evidence in question, we find no error by the trial court admitting it.

Garrett argues that the 1990 incident was too remote to show motive, intent, or bent of mind. Although there is a substantial lapse of time between the prior transaction and the crime for which Garrett is charged, the lapse of time does not eclipse the striking similarity in the two incidents:

Mere lapse of time between the commission of any prior similar crime and the commission of the offense currently at trial does not render the evidence automatically inadmissible; lapse of time is but one factor to be taken into consideration in determining admissibility. It is, moreover, the similarity of the offenses within the meaning of *Williams v. State*, [261 Ga. at 640], that determines the admissibility of such evidence, not whether the span of time between offenses is brief.

(Citations and punctuation omitted.) *Johnson v. State*, 247 Ga. App. 157, 163 (13) (a) (543 SE2d 439) (2000).

Garrett also argues that the trial court abused its discretion in allowing the State to reopen its case in order to submit evidence of Garrett's conviction. We disagree because the trial court has wide discretion to allow the State to reopen its case, see *Ford v. State*, 232 Ga. 511, 514 (4) (207 SE2d 494) (1974), and Garrett cannot show that he was unfairly prejudiced.

4. Garrett also assigns error to the trial court's denial of his motion for a directed verdict and for a new trial on the grounds that the evidence was insufficient to support his conviction. We must determine if no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Garrett claims that the evidence was insufficient because the methamphetamine was found in the presence of two other individuals and because the State failed to present the actual drugs at trial. We disagree. The drugs were found in Gar-

rett's home, and after the police pulled a bag of powder from Garrett's person and then located the methamphetamine in the sock, Garrett said, "Barrett, that's all I got." The State's failure to produce the actual drugs seized at the residence is not fatal to its case. The State established a chain of custody showing that the drugs seized at Garrett's home were taken to the crime lab, where they were identified as being 165.6 grams of methamphetamine. The illegal drug itself need not be introduced into evidence in order to convict a defendant. See *Slade v. State*, 222 Ga. App. 407, 408 (1) (474 SE2d 204) (1996). We conclude that the evidence was sufficient under the standard of *Jackson v. Virginia* to support Garrett's conviction.

5. Garrett claims the indictment was fatal in that it failed to assert that he "knowingly" possessed a trafficking amount of methamphetamine. Without deciding whether the omission of the word "knowingly" is a defect in the indictment, Garrett made no objection to the form of the indictment before pleading to it and so has waived any "right to be tried [under] an indictment which is perfect in form and substance." *Williams v. State*, 237 Ga. App. 814, n. 1 (515 SE2d 875) (1999).

6. Finally, Garrett claims the trial court erred in giving the State's request to charge regarding trafficking and another involving circumstantial evidence. The trial court instructed the jury: "there is no requirement in the trafficking statute that the State allege and prove the defendant distributed the methamphetamine. Trafficking in methamphetamine requires only that the threshold amount be shown and proven beyond a reasonable doubt by the State." Garrett maintains that the charge, while based on excerpts from *Partridge v. State*, 187 Ga. App. 325, 327 (370 SE2d 173) (1988), and *Hamlin v. State*, 193 Ga. App. 453, 454 (388 SE2d 48) (1989), is not appropriate for a jury instruction because it is derived from argumentative excerpts of appellate opinions, as opposed to being a plain statement of the law. See *Leonard v. State*, 133 Ga. 435, 437 (66 SE 251) (1909). Garrett particularly complains that the instruction fails to address the "knowingly" possess component of the offense, and because it goes on to state that trafficking "requires only" that possession of the threshold amount be shown. When taken in context with the other charges given, however, we find no error because the elements of the offense were sufficiently explained. Among other things, the trial court recited the offense as defined in the Georgia Controlled Substances Act and defined both knowledge and possession. "[T]he charge to the jury is to be taken as a whole and not out of context when making determinations as to the correctness of same." (Citation and punctuation omitted.) *Leigh v. State*, 223 Ga. App. 726, 731 (3) (478 SE2d 905) (1996).

The trial court also instructed the jury that "knowledge and pos-

session can be proven by circumstantial evidence." The trial court had previously instructed the jury on circumstantial evidence, and we fail to see the basis for Garrett's claim of error in connection with this charge.

*Judgment affirmed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED FEBRUARY 15, 2002.

*Dreger & McClelland, Troy R. McClelland III*, for appellant.
*Philip C. Smith, District Attorney, Rand J. Csehy, Assistant District Attorney*, for appellee.