## A02A1743. LYONS v. THE STATE.
(572 SE2d 632)

PHIPPS, Judge.

Claude Lyons was convicted of two counts of selling cocaine and one count each of trafficking in cocaine and using a communication facility in committing a crime. Before trial, he moved to suppress evidence obtained from a search of his apartment, arguing, among other things, that the affidavit given in support of the warrant did not establish probable cause to search. The trial court found the affidavit adequate and denied the motion. We reverse because the affidavit, which was based on a confidential informant's tip, did not contain sufficient information to permit a conclusion that the tip was reliable.

The record shows that a confidential informant approached Columbus police officers and said that she could purchase crack cocaine from Lyons. The informant had not previously given information to the police, and she was paid for her information about Lyons. From the police station, the informant paged Lyons, and he called her back and arranged a meeting.

Before the meeting, officers searched the informant for drugs and wired her with a microphone. She drove to a store parking lot, followed by police officers, who parked nearby. Lyons approached the informant's car, got inside, talked with the informant for several minutes, then exited the car, and walked away. After he left, the informant met the officers at a prearranged location and gave them approximately 2.3 grams of crack cocaine that she had just bought from Lyons.

Several days later, the informant executed a second controlled buy in a similar manner in a supermarket parking lot. This time, she purchased 1.6 grams of cocaine from Lyons using $100 of currency that had been photocopied beforehand.

The next day, the police arrested Lyons as he emerged from an apartment. They asked to search the apartment, but he refused. Agent D. Grant, who had been the informant's principal contact,

presented an affidavit to a municipal court judge and obtained a warrant to search the apartment. The search yielded a variety of incriminating evidence.

1. The affidavit in support of the warrant stated that the deponent, Agent Grant, had probable cause to believe that crack cocaine existed at the apartment based on the following facts:

> The confidential and reliable informant has stated that they have seen a quantity of cocaine under the control and possession of Claude Lyons in the recent past. Said informant states that the quantity of cocaine seen at [the apartment] was in excess of several ounces. Informant further states that Claude Lyons uses this residence at 3012 11th Ave Apt C, as a stash house for currency from narcotics sales and narcotics. Said informant is reliable in that they have given information to deponent that Claude Lyons a.k.a. "C" is a wanted fugitive from the State of Florida for narcotics violations for which deponent has confirmed said information to be true. Independent investigation by deponent has confirmed the information given by informant that Claude Lyons does reside at 3012 11th Ave Apt C and drives a Oldsmobile 98 GA tag 55811 QD. Informant has provided deponent with another informant who has purchased on several occasions crack cocaine from Claude Lyons a.k.a. "C" which has lead [sic] to his arrest.

Grant's affidavit was the only evidence presented to the judge in support of the warrant.

A defendant may seek to suppress evidence seized during a search with a warrant if the warrant was not supported by probable cause.[1] In determining whether an affidavit establishes the probable cause necessary for the warrant, the issuing judge must make a practical, common-sense decision whether, under all the circumstances set forth in the affidavit, there is a fair probability that contraband will be found in a particular place.[2] On appeal, we determine whether the judge had a "substantial basis for concluding that probable cause existed."[3] In making that determination, we may consider only information that was presented to the judge, not additional evidence that may have emerged at the motion to suppress hearing or trial.[4]

---

[1] OCGA § 17-5-30 (a) (2).

[2] *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984).

[3] (Citation and punctuation omitted.) Id.

[4] See *Pailette v. State*, 232 Ga. App. 274, 277 (501 SE2d 603) (1998); *Caswell v. State*, 219 Ga. App. 787, 788 (466 SE2d 907) (1996).

Where the State seeks to establish probable cause through information provided by an unidentified informant, the informant's veracity and basis of knowledge are "major considerations in the probable cause analysis."[5] "[A]n affidavit submitted in support of a search warrant must set forth sufficient *facts* from which the magistrate or judge can independently determine the reliability of both the information and the informant."[6]

The affidavit in this case did not set forth sufficient facts from which the issuing judge could have determined that the informant was trustworthy. It began with an assertion that the informant was reliable, but that conclusory statement did not establish reliability.[7] The affidavit also said that the informant told Grant where Lyons lived, which vehicle he drove, and that he was wanted in Florida for narcotics violations. While such details may have shown that the informant knew Lyons, they were not sufficient, by themselves, to establish that she was a credible source of information about Lyons's alleged current criminal activity. Importantly, the affidavit omitted the facts that the informant had never before given a tip to the police and that she was being paid for her tip about Lyons — information clearly relevant to her reliability.[8]

Inexplicably, the affidavit also omitted information that unquestionably would have established the informant's reliability — that she had arranged and executed two controlled buys from Lyons in the previous week under police observation.[9] As noted, however, we cannot consider that information because it was not made available to the judge who issued the warrant. Considering only what *was* available to the issuing judge, the facts were insufficient to show the informant's reliability.

Even if an unidentified informant is not shown to be trustworthy, her tip may be proved reliable if portions of it are sufficiently corroborated by the police.[10] "For the corroboration to be meaningful, the information corroborated must include a range of details relating to future actions of third parties not easily predicted. . . ."[11] That is, the tip must include "inside information not available to the general

---

[5] (Citations and punctuation omitted.) *Kessler v. State*, 221 Ga. App. 368, 370 (471 SE2d 313) (1996).

[6] (Citations and punctuation omitted; emphasis in original.) Id.

[7] See *Roberson v. State*, 246 Ga. App. 534, 537 (1) (540 SE2d 688) (2000).

[8] See *Elom v. State*, 248 Ga. App. 273, 275 (1) (546 SE2d 50) (2001) (affidavit's failure to mention that informant was paid, along with other omissions, undermined assertion in affidavit that informant was reliable).

[9] See *Turner v. State*, 247 Ga. App. 775, 779 (4) (544 SE2d 765) (2001).

[10] *State v. Wesson*, 237 Ga. App. 789, 791 (516 SE2d 826) (1999).

[11] (Citation omitted.) Id.

public; otherwise, the corroboration is not sufficiently meaningful to show reliability."[12]

The tip in this case contained no such inside information. Grant's affidavit merely said that the informant had seen cocaine under Lyons's control and possession at the apartment "in the recent past." It did not indicate when the informant saw the cocaine, under what circumstances, or where it was within the apartment. An unvarnished statement that the informant has seen drugs in someone's house cannot establish probable cause to search.[13] The affidavit also stated that Grant had corroborated the informant's identification of Lyons's apartment and vehicle. But the confirmation of such publicly available details "is not sufficient corroboration of the information regarding illegal activity."[14] The tip contained no information about Lyons's present activities or future behavior that could have been meaningfully confirmed to establish reliability.

Grant's affidavit ended with the baffling sentence that the informant had given him "another informant who has purchased on several occasions crack cocaine from [Lyons] which has lead [sic] to his arrest." It is not clear from these words who was arrested — the other informant or Lyons. The other informant was not identified, and no details were given that might have permitted an evaluation of his or her reliability. Moreover, the other informant's alleged purchase of drugs from Lyons was not linked in any way to the apartment to be searched. This concluding sentence, therefore, provided no basis for finding probable cause to believe contraband would be present in the apartment.

Because Grant's affidavit contained insufficient information to allow a finding of probable cause to search the apartment, the trial court erred in denying Lyons's motion to suppress. Lyons's convictions of trafficking in cocaine and using a communication facility to commit a crime must be reversed, because these convictions were wholly dependent on the evidence which should have been suppressed. Lyons's convictions of selling cocaine, although not directly dependent on the subject evidence, must also be reversed. The evi-

---

[12] (Citation omitted.) *Robertson v. State*, 236 Ga. App. 68, 70 (510 SE2d 914) (1999).

[13] See *Fiallo v. State*, 240 Ga. App. 278 (523 SE2d 355) (1999) (informant's claim that "it observed cocaine at the . . . location within the past 72 hours" was not sufficient to establish probable cause); *Pailette*, supra at 276-277 (informant's personal observation of contraband at defendant's house did not provide adequate factual basis to allow magistrate to gauge reliability of tip); *State v. Casey*, 185 Ga. App. 726, 727 (365 SE2d 878) (1988) (informant's assertion that he had seen marijuana residue in defendant's house did not provide probable cause).

[14] (Citations omitted.) *Fiallo*, supra at 279 ("[m]erely confirming that the accused lives where the informant said he did" was inadequate) (citations omitted); *Robertson*, supra at 70 ("minor corroboration" of "outward appearance of the house and the presence of a parked car" did not establish tip's reliability).

dence was seized from Lyons's apartment in violation of the Fourth Amendment. A constitutional error requires reversal unless it has been shown beyond a reasonable doubt that it did not contribute to the verdict.[15] Here, the evidence that was the subject of the motion to suppress included the photocopied currency used in one of the drug buys. Lyons's defense to the sale of cocaine charges was misidentification. It has not been shown beyond a reasonable doubt that introduction of the photocopied currency did not contribute to the jury's rejection of Lyons's misidentification defense.

2. In light of our decision in Division 1, we do not consider Lyons's claim of ineffective assistance of counsel.

*Judgment reversed. Andrews, P. J., and Mikell, J., concur.*

## ON MOTION FOR RECONSIDERATION.

The State argues for the first time on motion for reconsideration that Lyons waived objections contained in the motion to suppress, because of numerous instances in which defense counsel affirmatively stated at trial that she had no objection to admission of the evidence sought to be suppressed.

In *Kilgore v. State*, 247 Ga. 70 (274 SE2d 332) (1981), the Supreme Court of Georgia held that a defendant is not required to object to evidence which was the subject of an overruled motion to suppress when that evidence is admitted at trial under the same facts. *Kilgore*, however, approvingly cited, albeit distinguishing, *Abrams v. State*, 144 Ga. App. 874 (1) (242 SE2d 756) (1978), and *Carter v. State*, 137 Ga. App. 823 (225 SE2d 64) (1976), in which this court held that a defendant does waive objections contained in an overruled motion to suppress where, as here, counsel affirmatively states that there is no objection to admission of the subject evidence.

For either of two reasons, we do not find that the argument now being advanced by the State provides grounds for reconsidering our decision. First, it would seem that the State has itself waived this argument by not raising it earlier. And even if the State has not waived the argument, defense counsel would be chargeable with ineffective assistance in waiving the objections contained in the motion to suppress by her statements at trial. Obviously, the defense wanted the evidence suppressed, or the motion to suppress would not have been filed. No strategic reason appears for defense counsel to have waived the overruling of the motion by stating that there were no objections to the evidence at trial. The inescapable conclusion is that counsel was simply unfamiliar with the waiver law in this area.

---

[15] *Jones v. State*, 265 Ga. 84, 86 (4) (453 SE2d 716) (1995).

Lyons has preserved his claim of ineffective assistance of counsel. In Division 2, we found it unnecessary to review this claim.

*Motion for reconsideration denied.*

DECIDED SEPTEMBER 6, 2002 —
RECONSIDERATION DENIED OCTOBER 15, 2002.

*Hagler, Hyles & Adams, Clark C. Adams, Jr.,* for appellant.
Claude Lyons, *pro se.*
*J. Gray Conger, District Attorney, Melvin E. Hyde, Jr., Assistant District Attorney,* for appellee.