## S08G1419. THE STATE v. PALMER.
### (673 SE2d 237)

THOMPSON, Justice.

The State appealed to the Court of Appeals from the trial court's grant of David Palmer's motion to suppress evidence seized from his home pursuant to a warrant. See OCGA § 5-7-1 (a) (4). A majority of

the Court of Appeals affirmed. *State v. Palmer*, 291 Ga. App. 157 (661 SE2d 146) (2008). We granted the State's petition for writ of certiorari to consider whether the Court of Appeals erred in failing to accord proper deference to the magistrate's finding of probable cause. For the reasons that follow, we vacate the opinion of the Court of Appeals and remand for that court's reconsideration of the grant of the motion to suppress.

Officer Ries applied for a warrant to search Palmer's apartment to obtain evidence of illegal possession of cocaine. In support of his application, the officer provided the issuing magistrate with an affidavit swearing that he was advised by a "reliable" confidential informant (CI) that a violation of the Georgia Controlled Substances Act was taking place inside the apartment and he described a possible perpetrator as an African-American male thought to be the renter who goes by the name of "Pop" and "Cowboy" and who may be in a wheelchair. The affidavit further specified that Officer Ries and his partner, Officer Gonzalez, arranged for the CI to conduct a controlled purchase of crack cocaine from the apartment; the CI was searched for drugs prior to his entry into the apartment and was found to be "clean"; Officer Ries provided the CI with city-issued funds; Officer Gonzalez observed the CI approach Palmer's apartment, knock on the door and enter; the CI was in the apartment for approximately 30 seconds; and upon exiting the apartment, the CI turned over to Officer Ries a quantity of crack cocaine that he had purchased from a man in a wheelchair known as "Pop." Officer Ries further averred that the area in question is notorious for the sale, use and possession of illegal narcotics; that he had made numerous prior drug-related arrests from this location; and that he is aware of drug-related arrests made directly in front of the building for which the warrant is sought. Finally, Officer Ries averred that after the controlled buy, further surveillance of Palmer's residence was conducted during which officers observed several individuals enter, stay for less than one minute, and then leave the apartment complex; this led Officer Ries to believe that narcotics were being sold from that location. Based on the foregoing information, the magistrate issued a search warrant, which was executed the following day. As a result of the search, officers seized crack cocaine, marijuana, cash, electronic scales and small pink glassine bags from the apartment. Palmer was arrested and charged with trafficking in cocaine and misdemeanor possession of marijuana.

Palmer moved to suppress the evidence asserting that the affidavit represented the CI as "reliable," but contained no facts in support of that conclusion, and that, therefore, the warrant was invalid because the affidavit on which it was based was insufficient to establish probable cause. Following a hearing at which Officer

Ries testified, the trial court denied the motion to suppress, stating merely:

> The lack of evidence of the reliability of the informant does cause the court concern; however, as the evidence shows, the basis of the search was based on a controlled buy from the residence. The controlled buy does support the issuance of the warrant and causes this court to deny the motion to suppress.

Palmer moved for reconsideration. After hearing additional argument, the trial court reversed its initial ruling and granted the motion to suppress without explanation. A majority of the Court of Appeals affirmed after applying a deferential standard of review to the trial court's findings.

We begin by reiterating the standards applicable to the various levels of judicial scrutiny involved in the warrant process. A search warrant will only issue upon facts sufficient to show probable cause that a crime is being committed or has been committed. OCGA § 17-5-21 (a).

> The magistrate's task in determining if probable cause exists to issue a search warrant is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

(Punctuation omitted.) *DeYoung v. State*, 268 Ga. 780, 786-787 (7) (493 SE2d 157) (1997), quoting *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984).

The trial court may then examine the issue as a first level of review, guided by the Fourth Amendment's strong preference for searches conducted pursuant to a warrant, and the principle that substantial deference must be accorded a magistrate's decision to issue a search warrant based on a finding of probable cause. *State v. Henderson*, 271 Ga. 264 (4) (517 SE2d 61) (1999).

> A deferential standard of review is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolu-

tion of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.

(Citation and punctuation omitted.) Id. at 270.

Our appellate courts will review the search warrant to determine the existence of probable cause using the totality of the circumstances analysis set forth in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983). *Curry v. State*, 255 Ga. 215 (1) (336 SE2d 762) (1985). The duty of the appellate courts "is to determine if the magistrate had a 'substantial basis' for concluding that probable cause existed to issue the search warrant[ ]." *Sullivan v. State*, 284 Ga. 358, 361 (667 SE2d 32) (2008). "[T]he Fourth Amendment requires no more." *Gates*, 462 U. S. at 236. In reviewing the trial court's grant or denial of a motion to suppress, we apply the well-established principles that "the trial court's findings as to disputed facts will be upheld unless clearly erroneous and the trial court's application of the law to undisputed facts is subject to de novo review," *Petty v. State*, 283 Ga. 268, 269 (2) (658 SE2d 599) (2008), keeping in mind that "[a] magistrate's decision to issue a search warrant based on a finding of probable cause is entitled to substantial deference by a reviewing court." (Citation and punctuation omitted.) *Sullivan*, supra at 361. See also *Fair v. State*, 284 Ga. 165, 171 (3) (b) (664 SE2d 227) (2008).

Although Palmer argues that the warrant was deficient because Officer Ries offered no information to the magistrate as to the reliability of the unnamed CI and he failed to disclose that the CI had a criminal background, these uncontroverted omissions do not necessarily warrant suppression of the evidence.

> If a court determines that an affidavit submitted contains material misrepresentations or omissions, the false statements must be deleted, the omitted truthful material must be included, and the affidavit must be reexamined to determine whether probable cause exists to issue a warrant.

(Citation and punctuation omitted.) *Sullivan*, supra at 361.

> "If any omissions on the part of the officer are offset by independent corroboration of criminal activity, then the magistrate may still have sufficient information to find that probable cause exists." [Cit.] . . . Under the "common sense" approach to search warrants, [a] controlled buy strongly corroborate[s] the reliability of the informant and show[s] a fair probability that contraband would be found in the apartment.

*Brown v. State*, 244 Ga. App. 440, 442 (1) (535 SE2d 785) (2000). "Even doubtful cases should be resolved in favor of upholding a magistrate's determination that a warrant is proper." *Sullivan*, supra at 361.

> Of course, even under the *Gates* analysis, an informant's "veracity," "reliability," and "basis of knowledge," although not independently dispositive, are not irrelevant. They are instead several of a number of relevant factors, which we must review giving "great deference" to the magistrate's determination of probable cause, keeping in mind that "affidavits are normally drafted by non-lawyers in the midst and haste of a criminal investigation."

*Curry v. State*, supra at 217, quoting *Illinois v. Gates*, supra, 103 SC at 2329-2331.

In the present case, Palmer offered no evidence to repudiate Officer Ries' testimony.[1] Based on the record before the trial court at that hearing, the motion to suppress was denied. On motion for reconsideration, no further evidence was presented and no findings were made by the court to support the reversal of its ruling. As noted previously, a trial court's ruling on disputed facts and credibility at a suppression hearing must be accepted on appeal unless clearly erroneous. *Petty*, supra at 269 (2). But where, as here, the facts are not in dispute and no findings were made by the trial court, the appellate court owes no deference to the trial court's ruling and the standard of review is de novo. *Vansant v. State*, 264 Ga. 319 (1) (443 SE2d 474) (1994). Thus, while no deference is due the trial court's ruling in this case, substantial deference must be accorded the magistrate's finding of probable cause. *Henderson*, supra at 269 (4).

As to Palmer's claim that the information presented to the magistrate was incomplete, the reviewing court must apply the law applicable to omissions and material misrepresentations in the presentation to the magistrate. See *Sullivan*, supra at 361. The magistrate may still have sufficient information to find that probable cause exists for issuance of the warrant if such omissions are offset by independent corroboration of criminal activity — a controlled buy strongly corroborates the reliability of the informant. *Brown*, supra at 441 (1).

Accordingly, we hereby vacate the opinion of the Court of

---

[1] On cross-examination, Palmer elicited testimony that Officer Ries had failed to present any information to the issuing magistrate as to the reliability of the CI, and that the CI's criminal record was not disclosed to the magistrate. The officer's credibility, however, was not challenged.

Appeals and remand the case for that court's consideration of the grant of the motion to suppress in light of this opinion.

*Judgment vacated and case remanded. All the Justices concur.*

DECIDED FEBRUARY 23, 2009.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys*, for appellant.

*Thomas J. Ford III*, for appellee.