**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 15, 2013**

# In the Court of Appeals of Georgia

A13A0789. CHATHAM v. THE STATE.

PHIPPS, Chief Judge.

Mickey Howard Chatham was indicted for three drug offenses. He filed a motion to suppress evidence seized from his residence pursuant to a search warrant, contending that the warrant was issued without probable cause. Chatham filed this interlocutory appeal from the denial of his motion to suppress. For the reasons that follow, we reverse.

"A search warrant will only issue upon facts sufficient to show probable cause that a crime is being committed or has been committed."[1]

---

[1] *State v. Palmer*, 285 Ga. 75, 77 (673 SE2d 237) (2009) (citation omitted); OCGA § 17-5-21 (a).

In determining probable cause for the issuance of a search warrant, the issuing magistrate must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.[2]

Where, as here,

a motion to suppress is made on one of the three statutory grounds enumerated in OCGA § 17-5-30 (a) (2), challenging the validity of a search and seizure with a warrant, the burden of showing that the search and seizure were lawful shall be on the state. This burden upon the state is satisfied by production of the warrant and its supporting affidavit, and by showing either by those documents or by other evidence that the warrant is not subject to the statutory challenge alleged.[3]

Our appellate courts will review the search warrant to determine the existence of probable cause using the totality of the circumstances analysis set forth in *Illinois v. Gates*.[4] The duty of the appellate courts is to determine if the magistrate had a substantial basis for concluding

---

[2] *Browner v. State*, 265 Ga. App. 788, 789 (1) (595 SE2d 610) (2004) (citations omitted).

[3] *Davis v. State*, 266 Ga. 212, 213 (465 SE2d 438) (1996) (citation and punctuation omitted).

[4] 462 U. S. 213 (103 SCt 2317, 76 LE2d 527) (1983).

2

that probable cause existed to issue the search warrant. . . . In reviewing the trial court's grant or denial of a motion to suppress, we apply the well-established principles that the trial court's findings as to disputed facts will be upheld unless clearly erroneous and the trial court's application of the law to undisputed facts is subject to de novo review, keeping in mind that a magistrate's decision to issue a search warrant based on a finding of probable cause is entitled to substantial deference by a reviewing court.[5]

At the hearing on the motion to suppress, the state produced the affidavit and application that the attesting law enforcement officer submitted in support of the request for a search warrant. In the affidavit, dated December 3, 2011, the officer pertinently averred that he had met with a confidential informant ("CI") who claimed to have personal knowledge that Chatham was selling crystal methamphetamine from a residence at a particular address on Westfall Road, and that the CI could purchase crystal methamphetamine from Chatham inside that residence. After searching the CI's person and vehicle and finding no contraband or currency, the officer gave the

---

[5] *Palmer*, supra at 78 (citations and punctuation omitted).

3

CI funds with which to purchase drugs "and directed [CI] to the [specified] residence to attempt a narcotics purchase."[6] The affidavit provided further:

> [The officer] then acted in an undercover capacity and followed CI to within a short distance of the [specified] residence, observing CI's vehicle on Westfall Road. A short time later, [the officer] met with CI at a predetermined meeting location and CI immediately handed [the officer] a quantity of suspected crystal methamphetamine. CI stated that it purchased the suspected crystal methamphetamine from Mickey Howard Chatham from inside the above-mentioned residence in exchange for the undercover drug purchasing funds. [The officer] then searched the CI's person and vehicle and no contraband or currency was located.

The officer averred further that the "CI has a criminal history" and is a convicted felon. He also averred that the CI had provided directions to and a description of the residence, and that fellow law enforcement officers knew that Chatham lived at that residence. The officer averred that the "CI has participated in at least one (1) narcotics investigation (*this* investigation)[7] where crystal methamphetamine was seized[,] [and] at no time has the CI shown or expressed any ill will or malice towards . . .

---

[6] In the affidavit, the affiant sometimes referred to the confidential informant as "it" or "CI."

[7] (Emphasis supplied.)

4

Chatham." The record does not show, and the state does not claim, that any additional information was presented to the magistrate. The magistrate concluded that probable cause existed and issued the search warrant (which warrant was admitted into evidence at the suppression hearing). Officers executed the search warrant, seizing pursuant thereto suspected crystal methamphetamine. In announcing its ruling at the hearing on the suppression motion, the trial court remarked that the officer had "followed the protocol" by searching the CI before and after the CI obtained the drugs, but noted that the police had not seen or recorded the purported transaction.

Chatham contends that the trial court erred by denying the motion to suppress when the search warrant was issued based upon the statements of a CI whose reliability, credibility and source of information were unknown, and law enforcement officers had failed to corroborate the CI's claim that Chatham was selling drugs from the residence. We agree.

> Where the state seeks to show probable cause through information gained from an unidentified informant, the informant's veracity and basis of knowledge are major considerations in the probable cause analysis. An informant's information shows nothing more than rumor if the affidavit does not contain sufficient facts for the magistrate to independently determine the reliability of the informant or the basis of the informant's knowledge. However, there is no absolute requirement

5

that a search warrant affiant state circumstances which demonstrate the reliability of the informant and his information. Those factors are highly relevant considerations, but the applicable test is based on the totality of the circumstances.[8]

Further, "[e]ven if an unidentified informant is not shown to be trustworthy, [his or] her tip may be proved reliable if portions of it are sufficiently corroborated by the police."[9] "Once a motion to suppress has been filed, the burden of proving the lawfulness of the [search] warrant is on the state and that burden never shifts."[10]

In this case, the affidavit did not contain sufficient information from which the magistrate could determine that the CI was inherently credible or reliable, or the basis of his or her knowledge. It is undisputed that, prior to the purported drug buy in this case, the CI had not assisted police in a narcotics investigation. That the CI knew where Chatham lived did not establish that he or she was a credible source of information about Chatham's alleged current criminal activity in the residence.[11]

---

[8] *Evans v. State*, 263 Ga. App. 572, 574 (2) (b) (588 SE2d 764) (2003).

[9] *Lyons v. State*, 258 Ga. App. 9, 11 (1) (572 SE2d 632) (2002) (footnote omitted).

[10] *Davis*, supra (citations omitted).

[11] See *Lyons*, supra.

Where a confidential informant is not shown to be inherently credible or reliable, "a statement made by the confidential informant may be shown to be trustworthy *if it is independently corroborated*."[12] Here, the record is devoid of any such corroboration. "The [CI] was untested, and there is no indication that the officer either heard or was able to view the purchase which the [CI] was alleged to have made."[13] And there is no indication that the officer saw the CI either enter or exit Chatham's residence, or that police otherwise monitored or observed the CI's actions between the time the officer followed him or her "to within a short distance of" the residence and when, "[a] short time later," the officer met the CI at a predetermined location. The affidavit failed to set forth sufficient information from which the magistrate could have independently determined the reliability of the information or of the CI.[14]

---

[12] *Browner*, supra at 790 (1) (citation omitted, emphasis supplied).

[13] *Fiallo v. State*, 240 Ga. App. 278, 279 (523 SE2d 355) (1999) (citations omitted).

[14] See id. (reversing denial of motion to suppress where search warrant was issued based on officer's statements that confidential informant had seen drugs in defendant's home, that police had not previously used the informant, that the informant purchased drugs at the residence for the officer, and there was no indication that the officer had heard or seen the alleged purchase). Compare *Campbell v. State*, 263 Ga. App. 755, 757 (589 SE2d 313) (2003) (magistrate had sufficient information

7

The state cites *Brown v. State*[15] for the principle that "[a] controlled buy strongly corroborate[s] the reliability of the informant."[16] Indeed, this court has held that a "controlled buy conducted under the observation of the [law enforcement] officer" can, by itself, provide probable cause,[17] and that controlled buys that are actually observed by the police can supply probable cause.[18] But in the instant case, there was no evidence that the police in fact controlled or observed the purported buy,

of probable cause where officer had not only searched the informant before and after the drug buy, she had accompanied the informant to the buy and monitored the informant at all times); *Turner v. State*, 247 Ga. App. 775, 778-779 (544 SE2d 765) (2001) (there was substantial evidence to support the magistrate's issuance of search warrant where officer, besides searching informant, watched him enter and exit defendant's residence and the informant handed the officer drugs as he exited the residence).

[15] 244 Ga. App. 440 (535 SE2d 785) (2000).

[16] See id. at 442 (1).

[17] *Ibekilo v. State*, 277 Ga. App. 384, 385 (1) (626 SE2d 592) (2006); see also *Davis v. State*, 256 Ga. App. 299, 302 (1) (568 SE2d 161) (2002).

[18] See *State v. Alvin*, 296 Ga. App. 402 (674 SE2d 348) (2009) (finding probable cause where officers surveilled both informant and residence before and during controlled buy and followed informant to designated meeting spot afterward); *Ibeliko*, supra (informant, "while under constant surveillance," knocked on door of residence and made controlled buy); *Tackett v. State*, 211 Ga. App. 664, 665-667 (2) (440 SE2d 74) (1994) (probable cause for warrant existed where law enforcement officer saw informant enter the residence and monitored all conversations during controlled buy).

or observed the CI's conduct immediately before or immediately after the purported buy. In light of the lack of information regarding the CI's veracity, reliability and the basis of his knowledge,[19] the magistrate did not have a substantial basis for concluding that probable cause existed to issue the search warrant.[20] Thus, the trial court erred by denying Chatham's motion to suppress.[21]

*Judgment reversed. Ellington, P. J., concurs. Branch, J., concurs in judgment only.*

---

[19] See generally *Palmer*, supra at 79.

[20] See generally *Sullivan v. State*, 284 Ga. 358, 361 (2) (667 SE2d 32) (2008); *Fiallo*, supra; *Hamilton v. State*, 210 Ga. App. 496, 497-498 (1) (436 SE2d 500) (1993) (magistrate had a substantial basis for concluding that probable cause existed and issuing search warrant where officer related in affidavit that he had searched the informant, watched the informant enter the defendant's vehicle with money and no drugs and then emerge from the vehicle with drugs and no money, and informant had never been out of the officers' sight between the time of the initial search and the time informant returned to the officers).

[21] See *Fiallo*, supra; see generally *St. Fleur v. State*, 286 Ga. App. 564, 567-568 (1) (649 SE2d 817) (2007).