**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 17, 2016**

# In the Court of Appeals of Georgia

A15A2353. NICHOLS v. THE STATE.

RAY, Judge.

Timothy Olan Nichols was charged by indictment with one count of possession of methamphetamine.[1] He filed a motion to suppress the evidence seized during the execution of a search warrant for a residence, arguing that the affidavit and application for the search warrant contained insufficient facts to support a finding of probable cause for the search. The trial court denied the motion to suppress, and Nichols filed this interlocutory appeal. For the reasons that follow, we reverse.

On appellate review of a trial court's decision on a motion to suppress evidence, we accept the trial court's ruling on disputed facts unless it is clearly

---

[1] Four co-defendants were likewise charged in the indictment. One of the co-defendants was also charged with the additional offense of possession of tools for the commission of a crime.

erroneous, but the trial court's application of the law to undisputed facts is subject to de novo review. See *Chatham v. State*, 323 Ga. App. 51, 52 (746 SE2d 605) (2013).

In Georgia, our law is clear that "[a] search warrant will only issue upon facts sufficient to show probable cause that a crime is being committed or has been committed." (Citation omitted.) *State v. Palmer*, 285 Ga. 75, 77 (673 SE2d 237) (2009); OCGA § 17-5-21 (a).

> In determining probable cause for the issuance of a search warrant, the issuing magistrate must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

(Footnote omitted.) *Chatham*, supra at 51. On appeal, we apply a totality of the circumstances analysis "to determine if the magistrate had a substantial basis for concluding that probable cause existed to issue the search warrant," and we are mindful that "a magistrate's decision to issue a search warrant based on a finding of probable cause is entitled to substantial deference by a reviewing court." (Footnote omitted.) Id. at 52.

2

The record shows that an anonymous informant contacted an investigator with the Worth County Sheriff's Office with allegations that two residences were being used to manufacture methaphetamine. The informant had not previously given information to law enforcement, and the informant's background was unknown. Over the course of several weeks, the informant made between 5 and 10 telephone calls to the investigator to provide information concerning the activity at the residences. The informant provided the investigator with the number of individuals and a description of the vehicles that could be found at the residences, and the informant stated that it had seen blister packs, camp fuel, batteries, empty lye containers, and possible methamphetamine waste containers in the trash can outside one of the residences. The informant also stated that it had observed an area of dead vegetation outside one of the residences, possibly caused by the dumping of methamphetamine waste. The informant did not report seeing any actual methamphetamine, methamphetamine production, or anyone using methamphetamine at the residences.

In response to the informant's tips, the investigator went to the residences on several occasions and confirmed that the vehicles matching the description given by the informant were located there, and the investigator ran the vehicle tags and checked with the local utilities to confirm who lived at the residences. The

3

investigator also confirmed that there was an area of dead vegetation outside one of the residences. However, the investigator did not confirm whether items associated with methamphetamine production were located in the trash can. The investigator ran a criminal history of the individuals associated with the residences, and he discovered that an individual who lived at one of the residences had a prior conviction for unlawful possession of anhydrous ammonia, which is a key component for manufacturing methamphetamine.

Relying on the above information, the investigator applied for two search warrants, one for each of the residences. In regard to the particular search warrant at issue in this case, the investigator submitted a supporting affidavit averring that he had probable cause to believe that methamphetamine and items used to manufacture methamphetamine could be found at the residence. The affidavit states as follows:

> [A] reliable and confidential informant, who has requested to remain anonymous, and your affiant, have seen on the property . . . areas where chemicals have been dumped causing the death of vegetation on the property. Within the past 24 hours the reliable and confidential informant has seen blister packs, empty lye containers, destroyed batteries, and methamphetamine waste containers on the property, all of which are common with the manufacture of methaphetamine.

In addition to the affidavit, the investigator provided sworn testimony to the magistrate to show that the investigator had corroborated some, but not all, of the information provided by the informant. Specifically, the investigator corroborated the information concerning the individuals and vehicles that could be found at the residence and the fact that there was dead vegetation on the premises.

During the execution of the warrant at issue, Nichols was found on the premises and searched, and a small amount of methamphetamine was found in his pocket. Another small amount of methamphetamine was found inside the residence.

In his sole enumeration of error, Nichols contends that the trial court erred in denying his motion to suppress because the affidavit and application for the warrant were based upon information provided by a confidential informant whose reliability was not sufficiently demonstrated. We agree.

> Where the State seeks to establish probable cause through information provided by an unidentified informant, the informant's veracity and basis of knowledge are major considerations in the probable cause analysis. An affidavit [and/or the sworn testimony] submitted in support of a search warrant must set forth sufficient facts from which the magistrate or judge can independently determine the reliability of both the information and the informant.

(Punctuation and footnotes omitted; emphasis omitted.) *Lyons v. State*, 258 Ga. App. 9, 11 (1) (572 SE2d 632) (2002).

It is undisputed that, prior to the search warrant at issue, the confidential informant had not assisted law enforcement in any other investigation. But even where a confidential informant is not shown to be inherently credible or reliable, the information that the informant provides may be proved trustworthy if portions of the information are sufficiently corroborated by law enforcement. Id. For the corroboration to be meaningful, however, "the information corroborated must include a range of details relating to future actions of third parties not easily predicted. That is, the tip must include inside information not available to the general public; otherwise, the corroboration is not sufficiently meaningful to show reliability." (Punctuation and footnotes omitted.) Id. at 11-12 (1).

Here, the investigator only corroborated the information concerning the individuals, vehicles, and dead vegetation[2] that could be found at the residence — information that was readily available to the general public. Such details were not sufficient, by themselves, to establish that the informant was a credible source of

---

[2] The record fails to establish that any evidence was presented as to what had killed the vegetation. There was no evidence that chemicals had been poured on the grass, only supposition of such.

6

information about the alleged criminal activity occurring there. Notably, the investigator did nothing to independently confirm the informant's tip that there were items commonly associated with methamphetamine production in the trash can outside the residence. In sum, the independent investigation was insufficient to establish the informant's reliability to any meaningful degree. See *Davis v. State*, 214 Ga. App. 36, 37 (447 SE2d 68) (1994) (insufficient corroboration of the informant where the police simply verified that the house in question was located where the informant said it was).

As the application and affidavit for the search warrant in this case contained insufficient information to allow a finding of probable cause to search the residence, the trial court erred in denying Nichols's motion to suppress.

*Judgment reversed. Barnes, P. J., and McMillian, J., concur.*