**SECOND DIVISION
MILLER, P. J.,
ANDREWS and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 15, 2018**

# In the Court of Appeals of Georgia

A18A0667. WOODS v. THE STATE.

BROWN, Judge.

Rodney Woods appeals from his convictions of possession of cocaine with intent to distribute, possession of less than an ounce of marijuana, and possession of drug related objects. In his sole enumeration of error on appeal, he asserts that the trial court erred by denying his motion to suppress evidence seized pursuant to a search warrant because the magistrate who issued the warrant was not presented with information establishing a confidential informant's basis of knowledge and reliability. For the reasons explained below, we find no merit in the claim of error and affirm.

"A search warrant will only issue upon facts sufficient to show probable cause that a crime is being committed or has been committed. OCGA § 17-5-21 (a)." *State v. Palmer*, 285 Ga. 75, 77 (673 SE2d 237) (2009).

The magistrate's task in determining if probable cause exists to issue a search warrant is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Our duty in reviewing the magistrate's decision in this case is to determine if the magistrate had a "substantial basis" for concluding that probable cause existed to issue the search warrants. A magistrate's decision to issue a search warrant based on a finding of probable cause is entitled to substantial deference by a reviewing court. The test for probable cause is not a hypertechnical one to be employed by legal technicians, but is based on the "factual and practical considerations of everyday life on which reasonable and prudent men act." Moreover, even doubtful cases should be resolved in favor of upholding a warrant.

(Citations and punctuation omitted.) *Taylor v. State*, 303 Ga. 57, 60 (2) (810 SE2d 113) (2018). When making a determination of probable cause, a magistrate can also consider an officer's oral testimony to "supplement facts presented in [the] affidavit." *In re A. Z.*, 301 Ga. App. 524, 527 (1) (a), n. 10 (687 SE2d 887) (2009).

Where the State seeks to show probable cause through information gained from an unidentified informant, the informant's veracity and basis of knowledge are major considerations in the probable cause analysis. . . . [T]here is no absolute requirement that a search warrant affiant state circumstances which demonstrate the reliability of the

2

informant and his information. Those factors are highly relevant considerations, but the applicable test is based on the totality of the circumstances.

(Citations and punctuation omitted.) *Evans v. State*, 263 Ga. App. 572, 574-575 (2) (b) (588 SE2d 764) (2003). "Under the common sense approach to search warrants, a controlled buy strongly corroborates the reliability of the informant and shows a fair probability that the contraband would be found. . . ." (Citations and punctuation omitted.) *Palmer*, 285 Ga. at 78-79. Indeed, "even if the informant had no known credibility, the controlled buy conducted under the observation of the officer alone, would have been sufficient to establish probable cause." (Citation and punctuation omitted.) *Ibekilo v. State*, 277 Ga. App. 384, 385 (1) (626 SE2d 592) (2006).

The affidavit at issue in this case states:

In the past seventy two hours a confidential and reliable informant . . . contacted your affiant. In the past 72 hours CI# 59 did conduct a cont[r]olled purchase of crack cocaine utilizing Lamar County Sheriff's Office funds inside the residence [to be searched]. CI# 59 advised that the subject identified as Rodney Woods often kept an amount of crack cocaine in the residence that was kept for sale.

Independent investigation by your affiant revealed the following. Physical observation of the premises, conducted from a public place

3

revealed the premises to match the above locations. CI# 59 is reliable because CI# 59 has purchased an amount of narcotics for your affiant.

During the motion to suppress hearing, the officer testified[1] that he provided the following additional information under oath to the magistrate: the confidential informant was searched before walking to Woods' residence to make the buy with money supplied by the police; an officer or officers watched the confidential informant "go into the residence and come back out"; an officer or officers "didn't directly follow right behind them, but we kept a loose tail, making sure not to lose sight and watched them go in"; an officer or officers saw the confidential informant come out "[a]nd after he came out, they provided us with a phone call and advised that they had just come out and they were on their way back to the location where we previously had met"; the confidential informant had a substance believed to be an illegal drug in his possession after he left Woods' residence; the officer had used the confidential informant on "two previous occasions, two previous cases, multiple

---

[1] In his testimony, the officer sometimes used plural pronouns to refer to the confidential informant, but on other occasions, he also referred to the confidential informant as "him." He also used plural pronouns with regard to what appears to be his own conduct, and never expressly mentioned that other officers were involved in his investigation. Based upon his use of plural pronouns throughout his testimony, it is difficult to determine if other law enforcement officers assisted him when he monitored the controlled buy.

times"; and the confidential informant was "working off a drug charge" by helping the police.

Based upon this evidence, the magistrate had sufficient information to find that probable cause existed for the issuance of the search warrant. *Brown v. State*, 244 Ga. App. 440, 442 (1) (535 SE2d 785) (2000) (sufficient information existed for issuance of search warrant based "on the controlled buy in which [the officer] sent the informant into the apartment with no contraband, and the informant returned with cocaine"). Woods asserts that "*it appears* the CI was not watched from the time he came out of the residence until rejoining police with the drugs." (Emphasis supplied.) The testimony relied upon by Woods to support this assertion relates to communication from the informant after the controlled buy.[2] This testimony does not demand a conclusion that the informant was out of sight after leaving Woods' residence, and other testimony by the officer shows that law enforcement watched the informant "go into the residence and come back out." "To establish probable cause for the issuance of a search warrant, the officers were not required to see drugs at the residence. Probable cause does not demand the certainty we associate with formal

---

[2] The officer testified that he saw the informant come out. "And after he came out, they provided us with a phone call and advised that they had just come out and they were on their way back to the location where we previously had met."

trials." (Citation and punctuation omitted.) *State v. Alvin*, 296 Ga. App. 402, 404 (674 SE2d 348) (2009). And "[e]ven doubtful cases should be resolved in favor of upholding a magistrate's determination that a warrant is proper." (Citation and punctuation omitted.) *Palmer*, 285 Ga. at 79.[3] Accordingly, we affirm the trial court's denial of Woods' motion to suppress.

*Judgment affirmed. Miller, P. J., and Andrews, J., concur.*

---

[3] Our non-binding decision in *Chatham v. State*, 323 Ga. App. 51 (746 SE2d 605) (2013) (physical precedent only), relied upon by Woods, does not demand a different result. In *Chatham*, it was "undisputed that, prior to the purported drug buy in this case, the CI had not assisted police in a narcotics investigation," and there was "no indication that the officer saw the CI either enter or exit [the defendant]'s residence." Id. at 54. Nor does *Nichols v. State*, 336 Ga. App. 287 (783 SE2d 918) (2016). In that case, "[t]he informant had not previously given information to law enforcement," and no controlled buy took place. Id. at 288-289. Similarly, *Caswell v. State*, 219 Ga. App. 787 (466 SE2d 907) (1996), is inapposite because no controlled buy took place.