**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE, P. J., and REESE, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 26, 2018**

# In the Court of Appeals of Georgia

A17A1978. THE STATE v. HERMAN.

MILLER, Presiding Judge.

Tammy Herman was charged with four drug-related offenses after police found a bottle of pills in her purse during a traffic stop. She moved to suppress the evidence, arguing that the traffic stop leading to her arrest was prolonged unconstitutionally to enable an open-air dog sniff. The trial court granted the motion, and the State now appeals. We conclude that the K-9 sniff did not prolong the stop, and, therefore, we reverse the trial court's order granting the motion to suppress.

The burden is on the State to prove the legality of a search and seizure. *State v. Haddock*, 235 Ga. App. 726, 728 (510 SE2d 561) (1998); see also OCGA § 17-5-30 (b). Generally, in reviewing the grant of a motion to suppress, we "construe the evidence most favorably to uphold the findings and judgment of the trial court, and

that court's findings as to disputed facts and credibility must be adopted unless clearly erroneous." (Citation omitted.) *Watts v. State*, 334 Ga. App. 770, 771 (780 SE2d 431) (2015). However, "where, as here, the facts are not in dispute and no findings were made by the trial court, the appellate court owes no deference to the trial court's ruling and the standard of review is de novo." *State v. Palmer*, 285 Ga. 75, 79 (673 SE2d 237) (2009). Given that Herman presented no evidence repudiating the officer's testimony, and the trial court made no factual findings, we owe no deference to the trial court's order.

So viewed, the evidence shows that an officer with the Bulloch County Sheriff's Department observed a car in which Herman was a passenger. The driver seemed surprised when he spotted the officer, which drew the officer's attention and made him suspicious. The officer followed the car and eventually conducted a traffic stop after observing that the temporary license tag was unreadable and the license tag light was not working.

The officer took the driver's license and returned to his patrol car to conduct a license check. Either during the time he walked toward the car he pulled over, or as he walked back to his patrol car, the officer contacted his partner, who was a K-9 handler. The K-9 handler arrived within three to four minutes and the K-9 conducted

2

an open-air sniff while the investigating officer was still checking the license. While in the patrol car, the officer noticed the driver and passenger making furtive movements in the car, as if trying to conceal something. The K-9 alerted to contraband in the car.

As a result of the license check, the officer learned that the driver held a restricted permit, allowing him to drive only to and from school, work, or medical appointments. The driver admitted when he was pulled over that he was on a date and had left a restaurant, which was not a permissible use of the license.

The officer arrested the driver and, based on the K-9's alert, the officer initiated a search of the car. The search uncovered a partially-smoked marijuana cigarette, which the driver admitted belonged to him. The officer also found Herman's open purse on the floor of the passenger side of the car. A bottle of pills was visible on the top of the open purse.[1] Herman stated that she had undergone surgery, but that the pills were old and she no longer used them. The multiple pills were not in their original containers, and the officer arrested Herman.

---

[1] The pills found in the bottle were hydroxyzine, a generic antihistimine, and Zolpidem, a generic form of the sleep aid Ambien. See www.drugs.com/hydroxyzine and www.drugs.com/zolpidem.

Herman moved to suppress the evidence, arguing that she was unlawfully detained and her detention was unconstitutionally prolonged. She further asserted that the officer lacked probable cause to search her purse without a warrant or her consent. In its order granting the motion to suppress, the trial court stated:

> Pending before this Court [are] Defendant's Motions to Suppress. A hearing was held on November 3, 2016. Now, having considered the argument of counsel, the evidence adduced at the hearing, and the applicable law, the Court hereby GRANTS the Defendant's Motion to Suppress.

This appeal followed.

In its sole enumeration of error, the State argues that the initial stop was valid, the officer's observations gave rise to reasonable suspicion, and the K-9 sniff did not unconstitutionally prolong the stop. We agree.

It is undisputed that police may conduct a traffic stop upon probable cause to believe that a traffic violation occurred without running afoul of the Fourth Amendment's protection from unreasonable seizures. *Morgan v. State*, 309 Ga. App. 740, 742 (710 SE2d 922) (2011). Nevertheless,

> a seizure that is lawful at its inception can violate the Fourth Amendment if its manner of execution unreasonably infringes interests protected by the Constitution. A seizure that is justified solely by the

4

interest in issuing a [traffic] ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission. Thus, the tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's mission—to address the traffic violation that warranted the stop, and attend to related safety concerns.

(Citations, punctuation, and footnote omitted.) *State v. Allen*, 298 Ga. 1, 4-5 (2) (a) (779 SE2d 248) (2015). Conducting an open-air dog sniff around a vehicle during a traffic stop does not itself violate the Fourth Amendment. See id. at 5 (2) (a). Rather, the relevant question is whether the open-air dog sniff prolonged the stop for any amount of time. Id. If it did not, the open-air dog sniff was lawful. See id.; see also *Rodriguez v. United States*, —— US —— (135 SCt 1609, 1614-1616 (II), 191 LE2d 492) (2015) ("Beyond determining whether to issue a traffic ticket, an officer's mission includes ordinary inquiries incident to [the traffic] stop . . . . A dog sniff, by contrast, is a measure aimed at detecting evidence of ordinary criminal wrongdoing. . . . and is not fairly characterized as part of the officer's traffic mission . . . .The critical question, then, is . . . whether conducting the sniff 'prolongs'—i.e., adds time to—the stop.") (citations and punctuation omitted). Accordingly, in this case, we must determine whether the open-air dog sniff "was done while some other task

5

related to the mission of the traffic stop was still being conducted, so that the sniff did not add any time to the stop." *Allen*, supra, 298 Ga. at 5 (2) (a).

The undisputed evidence here shows that police did not prolong the traffic stop in order to conduct the open-air dog sniff. After observing that the car had an unreadable temporary license tag and that the license tag light was not working, both of which are traffic violations, the officer initiated the stop. *Allen*, supra, 298 Ga. at 6 (2) (b). Before he began the computer check of the driver's license, the officer contacted the K-9 handler. The K-9 unit arrived within three to four minutes, and the handler conducted the open-air sniff while the officer was still checking the driver's license.

The law is clear that checking a driver's license is part of the mission of a traffic stop. *Allen*, supra, 298 Ga. at 6 (2) (b). Thus, the undisputed evidence shows that the open-air dog sniff occurred while the officer conducted the mission of the traffic stop, and it did not prolong the traffic stop at all. As a result, the open-air dog sniff did not violate the Fourth Amendment. *Allen*, supra, 298 Ga. at 4-5 (2) (a).

Given these facts, the stop and Herman's subsequent detention were lawful.[2]

We therefore reverse the trial court's order granting Herman's motion to suppress, and remand the case for further proceedings.

*Judgment reversed and case remanded. Doyle, P. J., and Reese, J., concur.*

---

[2] We note that, in her written motion to suppress, Herman argued that the search of her purse was unlawful. At the suppression hearing, however, she presented no evidence on this issue and made no argument as to the lawfulness of that search. She therefore abandoned that issue. *Owens v. State*, 308 Ga. App. 374, 380 (3) (707 SE2d 584) (2011) (appellant abandoned motion to suppress ground mentioned in written motion because appellant failed to raise and argue it during the hearing and failed to obtain a ruling on issue from trial court).