## A08A2207. GILLIAM v. THE STATE.
### (671 SE2d 859)

JOHNSON, Presiding Judge.

Scott Gilliam was convicted of driving under the influence of alcohol after a bench trial on stipulated facts. Prior to trial, the trial court denied Gilliam's motion to suppress the results of his blood test and found that probable cause existed to permit the state to perform the blood test. Gilliam appeals the denial of his motion to suppress. We find no error and affirm Gilliam's conviction.

When reviewing a trial court's order on a motion to suppress, we must construe the evidence most favorably to uphold the findings and judgment of the trial court.[1] Moreover, "the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them."[2]

Viewed in that light, the stipulated facts show that on June 16, 2006, Gilliam suffered serious injuries when he failed to yield the right of way and turned left in front of another vehicle. When medical and police personnel arrived at the scene, they found Gilliam unconscious and "breathing very little." Medical personnel were able to resuscitate Gilliam, but he did not regain consciousness at the scene of the collision. A police officer and the emergency medical technician (EMT) treating Gilliam both smelled alcohol on Gilliam's breath, but because of Gilliam's unconsciousness, no field sobriety tests were conducted.

Gilliam was transported to a hospital via a helicopter. While he was still unconscious at the hospital, his blood was drawn and sent to the Georgia Bureau of Investigation for chemical testing. The test results indicated that Gilliam's blood alcohol level was 0.177, and Gilliam was charged with driving under the influence of alcohol. Gilliam also stipulated to the fact that he previously had been convicted of DUI following an accident which occurred on October 30, 1999.

Gilliam argues the trial court erred in denying his motion to suppress the blood test results because the police officer did not have

---

[1] *Welchel v. State*, 255 Ga. App. 556, 557 (565 SE2d 870) (2002).

[2] (Citations and punctuation omitted.) *Alex v. State*, 220 Ga. App. 754 (1) (470 SE2d 305) (1996).

probable cause to believe that he was driving under the influence of alcohol. According to Gilliam, "[t]he only information that Trooper Brown had concerning Mr. Gilliam's possible impairment was the smell of alcohol allegedly coming from Mr. Gilliam." We disagree.

Not only did the officer and the EMT treating Gilliam testify concerning the strong odor of alcohol emanating from Gilliam's body, but the trooper further testified that he had probable cause to believe Gilliam had been driving while under the influence of alcohol because Gilliam had caused the collision by his unsafe act of failing to yield to the oncoming vehicle. The officer testified that based on the circumstances he decided to investigate to see if alcohol impairment was the cause of the accident.

Contrary to Gilliam's contention, this case is not identical to *State v. Bass*,[3] where this Court held that the mere odor of alcohol, without more, does not establish probable cause. In *Bass*, the defendant was driving a motorcycle on a highway when another driver turned directly in front of him, causing a collision rendering the defendant unconscious. The only evidence of possible impairment in that case was the smell of alcohol on the defendant's breath. In the present case, however, Gilliam is the individual who committed the unsafe act of failing to yield and caused the collision. Thus, the officer had not only the smell of alcohol on Gilliam's breath, but also the unsafe driving act on which to base probable cause to draw Gilliam's blood while he was unconscious.

Where an individual has been involved in a traffic accident resulting in serious injuries or fatalities and the investigating law enforcement officer has probable cause to believe that the individual was driving under the influence of alcohol or other drugs, the chemical testing of the individual's blood is both warranted and constitutional.[4] In the present case, the trial court found probable cause to justify the drawing of Gilliam's blood while he was unconscious. Construing the evidence most favorably to uphold the findings and judgment of the trial court, as we must, we find that the trial court's ruling was not clearly erroneous.

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED DECEMBER 19, 2008.

*Donna L. Clement, Teresa L. Smith*, for appellant.

---

[3] 273 Ga. App. 540, 543 (2) (615 SE2d 589) (2005).

[4] See *Hough v. State*, 279 Ga. 711, 713 (1) (a) (620 SE2d 380) (2005).

360

*W. Kendall Wynne, Jr., District Attorney, David E. Boyle, Assistant District Attorney*, for appellee.