303 Ga. 57
FINAL COPY

S17G0501.  TAYLOR v. THE STATE.

HINES, Chief Justice.

We granted certiorari in this case to consider whether an affidavit executed in support of an application for a search warrant that does not specifically say that the residence to be searched is the residence of the suspect may nevertheless be sufficient to establish that connection based on inferences that can be drawn from the affidavit and thus be sufficient to establish a nexus between the evidence to be seized and the place to the searched.  See *Taylor v. State*, 338 Ga. App. 804, 813-815 (2) (a) (792 SE2d 101) (2016).  We conclude that an affidavit may be sufficient to connect the suspect to the residence based on inferences that can be drawn from the affidavit.  Here, the affidavit was sufficient to establish that connection, and, accordingly, we affirm the judgment of the Court of Appeals.

1.  On January 7, 2009, a Gwinnett County grand jury indicted appellant

Harry Brett Taylor for 32 sex crimes against 17 different children. In November 2013, Taylor filed a motion to suppress evidence seized during a July 2008 search of a residence at 1751 Bergen Court in Gwinnett County. That search was conducted pursuant to a search warrant authorizing a search of 1751 Bergen Court for cameras, computers, and electronic storage devices for evidence of the crimes of child molestation and sexual battery. The supporting affidavit for the search warrant, which was supplied by Detective King of the Gwinnett County Police Department, said that probable cause existed to believe that those crimes had been committed and provided, in part, as follows:

> The facts establishing probable cause in searching for and seizing the foregoing specifically described person(s), property, items, articles, instruments connected with the foregoing crime(s) at the location described herein are:
>
> SEE ATTACHMENT "A"
>
> The geographic location of the above listed specifically described person(s), property to be searched for and seized is . . . more particularly described as . . . [t]he residence . . . on the property of 1751 Bergen Court, Lawrenceville, Ga. 30043 inside Gwinnett County.

"Attachment 'A'" described various activities relating to the alleged sexual assaults by Taylor. The activities occurred at "the Taylor's"; at "the Taylor

2

residence"; in "Mr. Taylor's bedroom"; "in Mr. Taylor's in ground swimming pool"; and in "Mr. Taylor's house." The attachment concluded by saying that "there is probable cause to believe that a crime has been committed and there may be evidence to support such crimes at said location" and that a search warrant should be granted "so that the crime scene might be processed, photographed, and the evidence of the crime documented and seized." Neither the affidavit nor the attachment said that Taylor's house was located at 1751 Bergen Court.

In his motion to suppress, Taylor contended that the affidavit did not contain facts to establish that "the Taylor residence" was located at 1751 Bergen Court, and that, without this information, the magistrate had no basis upon which to conclude that evidence of the crimes could be found at that address and thus did not have probable cause to issue a warrant for the search of 1751 Bergen Court. In April 2014, the trial court denied the motion to suppress. Following a bench trial in December 2014, Taylor was found guilty on all but one count of the indictment, and he appealed to the Court of Appeals, which

3

affirmed. See *Taylor*, 338 Ga. App. 804.[1] In ruling against Taylor's claim that the affidavit and attachment failed to establish that he resided at 1751 Bergen Court, the Court of Appeals said that it had found "no Georgia case addressing a similar alleged deficiency in a warrant application," but that "other jurisdictions have applied a common-sense approach to resolving the issue when the affidavit fails to state explicitly that an address to be searched is the residence of the suspect." *Taylor*, 338 Ga. App. at 814 (2) (a). Relying on *State v. Trujillo*, 266 P3d 1, 6-7 (N.M. 2011), and *United States v. Hunter*, 86 F3d 679, 681-682 (7th Cir. 1996), the Court of Appeals adopted the rule that

> when the affidavit describes only one place connected to the suspect, such as a residence, and lists a specific address to be searched, a connection between the address described where evidence can be found and the probable cause outlined in the affidavit "is the only logical conclusion supported by a common-sense reading of the affidavit."

*Taylor*, 338 Ga. App. at 814-815 (2) (a) (quoting *Trujillo*, 266 P3d at 6). The Court of Appeals quoted *Trujillo* extensively to explain the rationale for the

---

[1] This was Taylor's third appeal to the Court of Appeals. He had two prior appeals that addressed issues relating only to a plea in bar that he had filed and the trial court had denied. See *Taylor*, 338 Ga. App. at 804, n.1 (discussing those prior appeals).

rule.

> Barring a hypertechnical reading of the affidavit, an inference that the residence described is the same as the residence where evidence can be found, is much more reasonable than its opposite — that the residence described in such painstaking detail actually has no relationship to the events of this case. We think the reviewing judge was well within his rights to draw the rational inference and avoid the irrational. Understandably, the reviewing judge was concerned that "there was no indication in the affidavit that Defendant lived at this address, that he was presently at that address or had been at that address sometime in the past." However, considered in context, what else could the detective have intended to say? More significant still, what other inference could the issuing judge reasonably have come to?
>
> Simply put, it is a stretch to draw the opposite inference; one must work hard not to infer that [the address listed in the affidavit] is "the residence" where all these criminal acts occurred and where incriminating evidence can be found. Deference is due under the circumstances, and his decision to issue the warrant is supported by a substantial basis in the record.

*Taylor*, 338 Ga. App. at 815 (2) (a) (quoting *Trujillo*, 266 P3d at 7). Based on the rule it adopted, the Court of Appeals concluded that the affidavit and attachment were sufficient to establish that 1751 Bergen Court was where Taylor lived and where the incriminating evidence could be found. See id. For the reasons that follow, we conclude that the Court of Appeals reached the right result here, but that the rule it adopted was unnecessarily broad for this case.

2. The Court of Appeals stated the correct standard for a magistrate to

apply to determine if probable cause exists to issue a search warrant, as well as our standard for reviewing that decision, so we quote that language in full.

> The magistrate's task in determining if probable cause exists to issue a search warrant is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Our duty in reviewing the magistrate's decision in this case is to determine if the magistrate had a "substantial basis" for concluding that probable cause existed to issue the search warrants. A magistrate's decision to issue a search warrant based on a finding of probable cause is entitled to substantial deference by a reviewing court. The test for probable cause is not a hypertechnical one to be employed by legal technicians, but is based on the "factual and practical considerations of everyday life on which reasonable and prudent men act." Moreover, even doubtful cases should be resolved in favor of upholding a warrant.

*Taylor*, 338 Ga. App. at 813 (2) (quoting *State v. Hunter*, 282 Ga. 278, 278 (646 SE2d 465) (2007)). Furthermore, in making the probable cause determination, a magistrate may draw "reasonable inferences . . . from the material supplied to him by applicants for a warrant." *Illinois v. Gates*, 462 U. S. 213, 240 (103 SCt 2317, 76 LE2d 527) (1983). Accord 2 Wayne R. LaFave, Search & Seizure: A Treatise on the Fourth Amendment, § 3.1 (d) (5th ed. updated Oct. 2017) (explaining that a magistrate is to make the probable cause determination on the

6

basis of information provided by the police and is entitled to draw reasonable inferences from that information).

To begin, the affidavit and attachment in this case were sworn to on the same day by the same detective before the issuing judge, and the affidavit incorporates the attachment by specific reference. Turning to the affidavit and attachment, it is clear that the attachment, which described numerous sexual assaults as occurring at Taylor's home, firmly established a nexus between the evidence sought and his residence. The alleged deficiency in the affidavit and attachment is the failure to expressly link Taylor's residence to 1751 Bergen Court, the address that the affidavit listed as the place to be searched. We conclude, however, that, given all the circumstances, the magistrate could easily have inferred a connection between Taylor and the residence at 1751 Bergen Court. The affidavit says that the evidence sought is "located at the particular place to be searched"; is "at the location described herein"; and is at the "geographic location" that is "more particularly described" as the residence located at 1751 Bergen Court. There is no location other than Bergen Court described in the affidavit or attachment as a place where evidence of the crimes can be found. The affidavit also says that the "facts establishing probable

7

cause" for searching for evidence of those crimes were set forth in "Attachment 'A.'" Attachment "A" then describes crimes of child molestation and sexual battery as occurring at "Taylor's residence" or some specific place at Taylor's residence. The attachment concludes by saying that "there is probable cause to believe that a crime has been committed and there may be evidence to support such crimes at *said location*" and by "pray[ing] that the search warrant be granted so that the *crime scene* might be processed, photographed, and evidence of the crime documented and seized."

As can be seen, the affidavit says three times that evidence of the alleged crimes may be discovered at the "location" described in the affidavit. Thus, when the attachment says that evidence of the alleged crimes may be found at "said location," which was particularly described as 1751 Bergen Court, and describes Taylor's house as the crime scene, we think that the magistrate could have reasonably inferred the "crime scene" was 1751 Bergen Court. And, as the crime scene was clearly Taylor's residence, the magistrate also could have reasonably inferred a nexus between Taylor and evidence connected with the crimes and 1751 Bergen Court. Stated somewhat differently, we conclude that the magistrate, making a practical and common-sense decision, was entitled to

8

infer that there was a "fair probability" that Taylor lived at 1751 Bergen Court and that items listed in the search warrant would be found there. Given the substantial deference we owe to the magistrate's probable cause decision, we conclude that the magistrate was authorized to determine that probable cause existed for the issuance of the search warrant.

Because of this nexus that the magistrate could infer between Taylor and 1751 Bergen Court based on all the circumstances set forth in the affidavit and attachment, this case is not one in which the magistrate had to make his probable cause determination based only on "one place connected to the suspect, such as a residence" and the listing of "a specific address to be searched," see *Taylor*, 338 Ga. App. at 814, and the Court of Appeals did not need to adopt the broad rule that it did to resolve this case. See id. at 814-815. Moreover, because of this nexus, the cases on which Taylor relies are distinguishable. See, e.g., *United States v. Rose*, 714 F3d 362, 366 (6th Cir. 2013) (concluding that, where the search warrant and not the affidavit in support of it listed the address to be searched and where the affidavit did not establish any connection between the defendant and that address, the affidavit "*d[id] nothing* to establish the required nexus between the place to be searched and the evidence sought" (emphasis

9

supplied)); *United States v. Laughton*, 409 F3d 744, 747 (6ᵗʰ Cir. 2005) (concluding that the affidavit did not establish probable cause because it "failed to make *any connection* between the residence to be searched and the facts of criminal activity that the officer set out in his affidavit" and "failed to indicate *any connection* between the defendant and the address given or between the defendant and any of the criminal activity that occurred there" (emphasis supplied)); *United States v. Gonzales*, 399 F3d 1225, 1228 (10ᵗʰ Cir. 2005) (the government conceded that the affidavit "lacked probable cause as it failed to establish *any connection* between the place to be searched and Mr. Gonzales or the suspected criminal activity" (emphasis supplied)).

Judgment affirmed.  Melton, P. J., Benham, Hunstein, Nahmias, Blackwell, Peterson, Grant, JJ., and Judge B. Chan Caudell concur.  Boggs, J., disqualified.

10

Decided February 5, 2018.

Certiorari to the Court of Appeals of Georgia — 338 Ga. App. 804.

Bernard S. Brody, for appellant.

Daniel J. Porter, District Attorney, Lee F. Tittsworth, Assistant District Attorney, for appellee.