**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).

**April 16, 2020**

# In the Court of Appeals of Georgia

A20A0190. FERGUSON v. THE STATE.

McFADDEN, Chief Judge.

Tyrin L. Ferguson appeals from his convictions for various offenses, including possession of more than an ounce of marijuana, possession of a firearm in the commission of a felony, and possession of a firearm by a convicted felon. He argues that he received ineffective assistance of trial counsel because his trial counsel did not pursue a motion to suppress evidence that Ferguson contends was obtained during a search pursuant to a warrant issued without probable cause. Because Ferguson has not "ma[d]e a strong showing that the damaging evidence would have been suppressed had counsel [pursued] the motion," *Mosley v. State*, __ Ga. __, __ (4) (a) (__ SE2d __) (Case No. S19A1301, decided Jan. 27, 2020) (citation and punctuation omitted), we affirm.

1. *Procedural background.*

On the day he entered an appearance, Ferguson's trial counsel filed a preliminary motion seeking to suppress "[a]ny and all evidence which was unlawfully seized from or about [Ferguson], his property, or his person in violation of the United States Constitution, and the Constitution of the State of Georgia[.]" The motion stated that Ferguson "reserve[d] the right and opportunity to particularize this [m]otion based on details of this specific case which are yet to be determined."

Trial counsel ultimately opted not to further pursue the motion, and the trial court did not conduct a hearing or rule on it. At trial, the state presented evidence of marijuana and a firearm found on Ferguson's person when he fled from a house during the execution of a search warrant.

Ferguson filed a motion for new trial in which he argued that his trial counsel was ineffective in failing to pursue a motion to suppress. He argued that the evidence found on his person should have been excluded because it was the fruit of a search pursuant to a search warrant that was not valid because the magistrate lacked probable cause to issue it. The trial court denied the motion for new trial, concluding that Ferguson had not shown that he received ineffective assistance of counsel because he had not shown that a motion to suppress would have succeeded.

2. *Ineffective assistance of counsel.*

Although Ferguson phrases his enumerations of error as challenges to the trial court's determination that a suppression motion would have lacked merit, it is readily apparent that he seeks to assert as error the trial court's denial of his motion for new trial based on his claim of ineffective assistance of counsel. See generally *Felix v. State*, 271 Ga. 534, 538 (523 SE2d 1) (1999) (under OCGA § 5-6-58 (f), appellate courts have duty to discern the errors an appellant is attempting to articulate in the enumeration of errors). To prevail on this claim, Ferguson "must show both that his trial counsel's performance was deficient and that he suffered prejudice as a result of counsel's deficient performance." *Mosley*, __ Ga. at __ (4). And "[w]hen trial counsel's failure to file [or, as here, failure to pursue] a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made [or pursued] the motion." Id. at __ (4) (a) (citation and punctuation omitted). If the defendant fails to do so, he "has failed to establish deficient performance by his trial counsel." Id. (citation and punctuation omitted).

Ferguson has not made a strong showing that, had his trial counsel pursued a motion to suppress, the challenged evidence would have been suppressed. Because

the contested evidence was obtained during the execution of a search warrant, to prevail on a motion to suppress trial counsel would have been required to show that the warrant was not valid. See *Stephens v. State*, 346 Ga. App. 686, 692 (2) (816 SE2d 748) (2018) (information obtained through execution of valid search warrant was not subject to motion to suppress).

Ferguson argues that the search warrant was not valid because the magistrate issued it without probable cause. "OCGA § 17-5-21 (a) provides that a search warrant may be issued only upon an affidavit 'which states facts sufficient to show probable cause that a crime is being committed or has been committed.'" *Mizell v. State*, 304 Ga. 723, 726 (2) (822 SE2d 211) (2018). "The magistrate's task in determining if probable causes exists to issue a search warrant is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before [her], . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Palmer*, 285 Ga. 75, 77 (673 SE2d 237) (2009) (citation omitted). A trial court ruling on a motion to suppress must accord the magistrate's decision substantial deference. Id.

The affidavit in this case included the following pertinent assertions by the affiant law enforcement officer:

4

Within the past (72) seventy two hours, a confidential informant, hereinafter known as source "A", had the occasion to be at [a particular address] and did observe a black male known to me as "Todd" in possession and control of a quantity of marijuana within the curtilage of the property. Source "A" then passed this information on to the affiant within the same seventy-two hour time period. The occasion for source "A" to be at the location was in conducting a controlled buy at this residence as directed by the affiant. The buy was controlled in that source "A" was acting in accordance with the instructions of the affiant, source "A" was monitored using an electronic recording device, and source "A" was surveilled throughout the incident.

Ferguson argues that the facts contained in the affidavit were not sufficient to permit the magistrate to independently determine the reliability of both the unnamed confidential informant and the information provided by him. It is true that

[w]here the [s]tate seeks to establish probable cause through information provided by an unidentified informant, the informant's veracity and basis of knowledge are major considerations in the probable cause analysis. An affidavit submitted in support of a search warrant must set forth sufficient facts from which the magistrate or judge can independently determine the reliability of both the information and the informant.

*Lyons v. State*, 258 Ga. App. 9, 11 (1) (572 SE2d 632) (2002) (citations, punctuation, and emphasis omitted). And Ferguson correctly notes that the affidavit in this case

5

offered the magistrate no information about the confidential informant's reliability. But

> [i]f any omissions on the part of the officer are offset by independent corroboration of criminal activity, then the magistrate may still have sufficient information to find that probable cause exists. Under the "common sense" approach to search warrants, a controlled buy strongly corroborates the reliability of the informant and shows a fair probability that contraband would be found in the [residence].

*Palmer*, 285 Ga. at 78 (citation and punctuation omitted).

The officer stated in his affidavit that the confidential informant was "conducting a controlled buy" when he observed the person named "Todd" with marijuana. The officer further stated that the confidential informant was under surveillance at the time and was being monitored with a recording device "throughout the incident." Compare *Burgess v. State*, 349 Ga. App. 635, 639 (2) (824 SE2d 99) (2019) (probable cause where detective used confidential informant outfitted with audio transmitter to buy narcotics) and *Woods v. State*, 346 Ga. App. 323, 326 (816 SE2d 156) (2018) (probable cause where officer watched confidential informant "go into the residence and come back out" but did not himself see drugs) with *Fiallo v. State*, 240 Ga. App. 278, 279 (523 SE2d 355) (1999) (no probable cause where there

6

was no indication that officer either heard or was able to view drug transaction of untested informant).

Ferguson argues that this information did not corroborate the confidential informant's reliability because the officer did not state that contraband was actually exchanged or that the controlled buy was "successful." But the magistrate could reasonably infer from the language of the affidavit that a controlled buy occurred. See *Taylor v. State*, 303 Ga. 57, 61 (2) (810 SE2d 113) (2018) ("in making the probable cause determination, a magistrate may draw reasonable inferences from the material supplied to him by applicants for a warrant") (citation and punctuation omitted). In "giving 'great deference' to the magistrate's determination of probable cause, [we must] keep[ ] in mind that affidavits are normally drafted by non-lawyers in the midst and haste of a criminal investigation." *Palmer*, 285 Ga. at 79 (citations and punctuation omitted). Under these circumstances, the magistrate was authorized to determine that probable cause existed for the issuance of the search warrant.

Separately, Ferguson asserts that the affiant officer admitted at trial to providing untrue information to the magistrate in the warrant affidavit. We have reviewed the officer's trial testimony and do not agree with Ferguson's characterization of it. He challenges the officer's statement in the affidavit that the

person the confidential informant saw with drugs was "known to me as 'Todd,'" arguing that the statement was untrue because at trial the officer testified that he did not know that person but merely was told his name by the confidential informant. But the officer further explained: "At the time that the confidential informant told me that the person named was Todd, that person was known to me as Todd." This explanation supports the trial court's conclusion, in his order denying Ferguson's motion for new trial, that there was "nothing inaccurate or misleading" about the officer's statement in his affidavit.

Because Ferguson has not made a strong showing that his trial counsel would have succeeded in suppressing the evidence had he pursued a motion, Ferguson has not shown that his trial counsel rendered deficient performance.[1] *Mosely*, __ Ga. at __ (4) (a). So he has not shown that the trial court erred in denying him a new trial on the ground that he received ineffective assistance of trial counsel. Given this conclusion, we do not address the state's alternative arguments that officers did not

[1] Ferguson argues that the "strong showing" requirement conflicts with the requirements to show prejudice set forth in *Strickland v. Washington*, 466 U. S. 668, 694 (III) (B) (104 SCt 2052, 80 LE2d 674) (1984). But our analysis in this case pertains only to the deficiency prong, not the prejudice prong, of the test for ineffective assistance of trial counsel. See *Mosely*, __ Ga. at __ (4) (a) (applying "strong showing" requirement in analysis of deficiency prong in case involving motion to suppress).

need a warrant to search Ferguson and that Ferguson lacked standing to challenge the search pursuant to the warrant.

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur.*