**September 30, 2024**

# In the Court of Appeals of Georgia

A24A0923. THE STATE v. HAYNES.

MCFADDEN, Presiding Judge.

Victor Haynes was charged with first-degree vehicular homicide and other crimes based on the state's allegations that he was under the influence of methamphetamine when he caused a vehicular collision in which a person was killed. Haynes sought the exclusion of the results of a blood test obtained pursuant to a search warrant.[1] The trial court excluded the evidence, and the state appeals. The

---

[1] After the state indicted Haynes, he filed a document asserting 27 motions, including a general, preliminary motion to suppress. The record does not contain a particularized motion challenging the blood-test results, although the trial court refers to one and Haynes refers in his appellate brief — without record citations — to an amended motion in limine and a motion to suppress challenging the blood-test results. See Court of Appeals Rule 25 (d) (2). The clerk of the Elbert County Superior Court could not locate any such documents in the court's file.

Nonetheless, the parties argued the matter at a hearing in the trial court, the

state argues that the affidavit in the application for the search warrant established probable cause to support the magistrate's issuance of the warrant. We agree and reverse the trial court's order excluding the evidence.

1. *Legal standards*

"A search warrant will issue only based upon an oath or affirmation stating 'facts sufficient to show probable cause that a crime is being committed or has been committed.' OCGA § 17-5-21 (a)." *State v. Ledbetter*, 318 Ga. 457, 469 (2) (899 SE2d 222) (2024). See U. S. Const. Amend. IV ("no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized").

> Whether there is probable cause to issue a search warrant is a question directed in the first instance to the magistrate. And in assessing whether probable cause exists, the magistrate simply must make a practical, common-sense decision, based on all the circumstances set forth in the affidavit before [her], whether there is a fair probability that the

state does not argue that it lacked notice of the grounds at issue, and the state does not raise as an issue Haynes's failure to file a written, particularized motion to suppress, so we address it. But see OCGA § 17-5-30 (b) (a motion to suppress must "be in writing and state facts showing that the search and seizure were unlawful"); *Cochran v. State*, 371 Ga. App. 391 (900 SE2d 213) (2024).

particular place to be searched contains the items to be seized — that is, evidence of a crime.

*Pugh v. State*, 318 Ga. 706, 713-714 (2) (899 SE2d 653) (2024) (citation and punctuation omitted).

"[A] magistrate may draw 'reasonable inferences from the material supplied to [her] by applicants for a warrant.'" *Taylor v. State*, 303 Ga. 57, 61 (2) (810 SE2d 113) (2018) (quoting *Illinois v. Gates*, 462 U. S. 213, 240 (III) (103 SCt 2317, 76 LE2d 527) (1983)). And "[t]he test for probable cause is not a hypertechnical one to be employed by legal technicians, but is based on the factual and practical considerations of everyday life on which reasonable and prudent men act." *Taylor*, 303 Ga. at 60-61 (2) (citation and punctuation omitted).

If a magistrate's decision to issue a search warrant is challenged, the trial court provides a first level of review, guided by the Fourth Amendment's strong preference for searches conducted pursuant to a warrant, and the principle that substantial deference must be accorded a magistrate's decision to issue a search warrant based on a finding of probable cause.

*State v. Britton*, 316 Ga. 283, 287 (1) (888 SE2d 157) (2023) (citation and punctuation omitted). When our court "reviews a search warrant, [we] use[ ] the *Gates*[, supra,]

3

totality-of-the-circumstances analysis to determine if the magistrate had a substantial basis for concluding that probable cause existed to issue the search warrant." *Moon v. State*, 312 Ga. 31, 57 (4) (860 SE2d 519) (2021) (citation and punctuation omitted). "And we bear in mind that a magistrate's decision to issue a search warrant upon a finding of probable cause is afforded substantial deference, and even doubtful cases should be resolved in favor of upholding a magistrate's determination that a warrant is proper." *Pugh*, 318 Ga. at 714 (2).

Here, the magistrate considered no oral testimony as part of the warrant application process, so "the magistrate's finding of probable cause was based solely upon the officer's affidavit. We thus focus on the information set forth within the four corners of the affidavit." *Coleman v. State*, 337 Ga. App. 304, 306 (787 SE2d 274) (2016).

2. *The search warrant*

A trooper with the Georgia State Patrol sought the warrant to test samples of Haynes's blood and urine for the presence of alcohol and controlled substances. The trooper swore that he had training and knowledge in accident investigations and the areas of impaired drivers, controlled substances, and alcohol. From his training, the

trooper knew that the consumption of intoxicants, including drugs and alcohol, can impair an individual's ability to safely operate a motor vehicle and that evidence of such consumption can be located in an individual's blood and urine.

The trooper swore that at 9:34 in the morning, Haynes was involved in a collision in which the other driver was killed. He swore that evidence from the scene, including the observations of the investigating trooper and the conditions of the roadway, supported the conclusion that Haynes was at fault because he failed to maintain his lane of travel and struck the other vehicle head on. (Whether the investigating trooper was the affiant or another officer is not clear but that fact is not material. See *Caffo v. State*, 247 Ga. 751, 754 (2) (b) (279 SE2d 678) (1981) ("Local law enforcement officers participating in a common investigation are reliable informants.") (citation and punctuation omitted); *Hornsby v. State*, 124 Ga. 725 (185 SE2d 623) (1971) ("Probable cause for the issuance of an arrest or search warrant may be founded upon hearsay."). See also OCGA § 24-1-2 (c) (5) (the rules of evidence do not apply in proceedings for the issuance of search warrants)). The trooper swore that the manner in which Haynes drove his truck was consistent with him being impaired.

The trooper swore that Haynes was administered field sobriety tests in the hospital emergency room. He swore that Haynes performed the horizontal gaze nystagmus test and exhibited six of six clues. He swore that Haynes's eyes did not converge on the bridge of his nose, that Haynes's eyes were bloodshot and watery, and that Haynes's pupils constricted and dilated in the presence of bright light. The magistrate granted the search warrant application and issued a search warrant for Haynes's blood and urine for the purpose of testing for alcohol and controlled substances.

In *Hughes v. State*, 296 Ga. 744 (770 SE2d 636) (2015), our Supreme Court considered whether law enforcement officers had probable cause to believe that a defendant had been driving under the influence of an intoxicant. The court held that

> although each circumstance is consistent with driving under the influence, an innocent explanation for each circumstance might be more probable. For instance, [the defendant's] red eyes could have been chalked up to the deployment of an air bag in the collision. . . . But . . . we do not consider any fact or circumstance standing alone. Taken together, a reasonable officer could conclude . . . that driving under the influence was an equally or more probable explanation for the facts and circumstances known to the officers than an improbable coincidence of multiple innocent explanations.

6

*Hughes*, 296 Ga. at 750 (2). Similarly, the magistrate here could have concluded that driving under the influence of an intoxicant was a more probable explanation for the facts and circumstances known to the officer who sought the search warrant "than an improbable coincidence of multiple innocent explanations." Id.

The "information contained in the affidavit [including that Haynes was the at fault driver because he drove into oncoming traffic, causing a head on, fatal collision, that he exhibited six of six clues of impairment when completing the horizontal gaze nystagmus test, and that his eyes were bloodshot and watery] establishes probable cause to believe Haynes was driving while impaired." *Taylor v. State*, 337 Ga. App. 486, 489 (1) (788 SE2d 97) (2016) (attestations in affidavit that evidence showed that defendant was the driver of a car that had been involved in an automobile accident in which a person had been killed and that defendant admitted that he had been drinking earlier that night established probable cause for search warrant). See also *Hughes*, supra, (officers had probable cause to believe that defendant was under the influence of some intoxicant when they had reason to believe he caused a fatal accident and he had a number of unknown pills on his person); *Gilliam v. State*, 295 Ga. App. 358, 359 (671 SE2d 859) (2008) disapproved in part on other grounds by *Bailey v. State*, 338

7

Ga. App. 428 (790 SE2d 98) (2016) (unsafe driving that caused collision coupled with odor of alcohol established probable cause that individual was driving under the influence of alcohol or other drugs); *State v. Ellison*, 271 Ga. App. 898, 902 (4) & 903 (6) (611 SE2d 129) (2005) (a police officer may give opinion testimony as to whether a person was under the influence to the extent it made him less safe to drive, and bloodshot and watery eyes can support a finding of impairment).

The magistrate did not err in issuing the search warrant, so the trial court erred in excluding the evidence of the blood-test results, and we reverse.

*Judgment reversed. Mercier, C. J., and Rickman, J., concur.*